**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SANDY LAMBERT, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>    Defendant. ) | CIVIL ACTION NO. 1:07cv516-TFM |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her applications for benefits under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et seq*, Sandy Lambert ("Lambert") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636(c), and for reasons herein explained, the court REMANDS this case to the Commissioner.

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999),

citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Lambert, age 50 at the time of the hearing, completed the ninth grade. Lambert's past relevant work included employment as a poultry dresser. Her disability application documents claim she became disabled on April 13, 2004 due to carpal tunnel syndrome, high blood pressure, arthritis, and depression. She did not engage in substantial gainful work

2

activity at any time relevant to her application period.

The ALJ found Lambert has the following combination of severe impairments: degenerative joint disease; lumbar strain; dysthymic disorder; and borderline personality disorder.[1] Inconsistent records from Lambert's treating physician led the ALJ to discredit several allegations of physical disability due to GERD, hypertension, and carpal tunnel syndrome, and these conditions were classified as non-severe.[2] These findings of non-severity were supported by the ALJ's review of documents showing Lambert's GERD and hypertension were controlled with medication, and her failure to seek ongoing treatment for carpal tunnel syndrome.[3] The ALJ accorded significant weight to the opinion of disability expert Dr. Ellen Eno.[4] Dr. Eno's opinion was presented in the form of a Psychiatric Technique Review Form (PRTF) which concluded Lambert's mental disorders produced mild impairment in the areas of daily living and social functioning, and moderate impairment in concentration, persistence, or pace.[5] Dr. Eno did not find Lambert's mental impairments met or equaled the severity of any listed mental impairment.[6]

The ALJ concluded Lambert did not have any impairment or combination of

---

[1] R. at 14.

[2] R. at 14, 15.

[3] R. at 18.

[4] R. at 15.

[5] R. at 135.

[6] R. at 136.

impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found Lambert could perform unskilled medium-level work, and was therefore capable of resuming her past relevant work as a poultry dresser, classified as unskilled work at the light exertional level.[7] This finding of Lambert's ability to work rendered her ineligible for disability benefits under the Act.

### III.  ISSUES

Lambert raises three issues for judicial review:[8]

1. Whether the ALJ failed to comply with 20 C.F.R. §404.1520a in evaluating Lambert's mental health, thus committing reversible error.

2. Whether the ALJ's finding as to Lambert's residual functional capacity lacks the support of substantial evidence.

3. Whether the ALJ's finding as to Lambert's ability to perform her past relevant work lacks the support of substantial evidence.

### IV.  DISCUSSION

**The ALJ did not comply with regulations which govern the assessment of Lambert's mental health, and remand on this issue is required.**

Lambert argues the ALJ committed reversible error by failing to evaluate her mental

---

[7]R. at 14.

[8]*See* Plaintiff's Brief ("Pl. Br.") at 8 (Doc. #13, filed October 29, 2007) *and* Order filed June 19, 2007 (Doc. #4) (directing Plaintiff to a brief in support of her claim(s) and to include in her brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

condition pursuant to 20 C.F.R. § 404.1520a.[9]  The Commissioner responds the ALJ's decision reflects the required consideration of the factors listed in the applicable regulations, and the decision was further supported by Lambert's testimony during her administrative hearing.

Lambert's claim of reversible error is based upon the absence of a PRTF, or comparable analysis, from the ALJ's decision.  *See Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005) (requiring remand under 20 C.F.R. § 404.1520a in the absence of a PRTF if a colorable claim of mental impairment is presented).  Plaintiff's brief notes a regulatory amendment to the relevant sections, effective since September 20, 2000, under which the mere absence of a PRTF form cannot serve as grounds for reversal.[10]  Notwithstanding the elimination of that formal requirement, surviving regulations direct an ALJ to consider signs, symptoms, and laboratory findings when determining the existence of a mental impairment. *See* 20 C.F.R. §§ 416.920a(b).  Once an impairment is established, it is then rated for the degree of functional limitation(s) experience by the claimant.  *See* 20 C.F.R. § 416.920a(c); *Behn v. Barnhart, id*.  Mental impairments are assessed for their impact on functional limitations in (1) activities of daily living; (2) social functioning;  (3) concentration, persistence, or pace; and (4) episodes of decompensation.  20 C.F.R. § 416.920a(c)(4). Absent evidence of a more than minimal limitation upon basic work activities, ratings of

---

[9]Because Lambert's application for benefits was filed pursuant to Title XVI of the Act, mental health evaluations are governed by 20 C.F.R. § 416.920a, the companion regulation to 20 C.F.R. § 404.520a (governing evaluations under Title II of the Act),

[10]*See* Pl. Br. at 12, citing *Behn v. Barnhart*, 463 F.Supp.2d 1043, 1047 (C.D. Cal. 2006).

"none" to "mild" in categories one through three, and "none" in category four, result in a finding of a non-severe impairment. 20 C.F.R. § 416.920a(d)(1).

The ALJ's decision expressly stated "[s]ignificant weight is accorded to Dr. Eno's opinion and to her PRTF ratings."[11] This statement referred to a PRTF completed by Dr. Ellen Eno during an examination of Lambert.[12] Dr. Eno diagnosed Lambert as dysthymic and with borderline personality disorder.[13] She concluded Lambert is mildly impaired in the areas of daily living, social functioning; moderately impaired in concentration, persistence, or pace; and had no prior episodes of decompensation.[14] These findings rebut a regulatory presumption of a non-severe mental impairment, and evaluation continues on the issue of whether the impairment(s) meet or equal in severity a listed mental disorder. *See* § 416.920a(d)(2). Dr. Eno performed this task and concluded Lambert's mental impairments did not equal any listed mental disorder.[15] Next, regulations specify the ALJ must incorporate the pertinent findings and conclusions based on the technique, and direct that

> [t]he decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

---

[11] R. at 15.

[12] R. at 125-38.

[13] 128, 132.

[14] R. at 135.

[15] R. at 136.

§ 416.920a(e)(2).

The Court reads this provision as critical to a complete, and reviewable, administrative decision, as the Commissioner himself employs the command "must." The decision in Lambert's case lacks the required analysis, and the ALJ's statement attaching significant weight to Dr. Eno's findings cannot serve as a substitute for the final analytical step mandated by § 416.920a(e). In *Moore*, the Eleventh Circuit made clear that a complete administrative determination included evaluations of how a claimant's impairment impacted the four functional areas in § 416.920a(c), as well as discussion which "incorporate[s] the results of this technique into the findings and conclusions," as required by § 416.920a(e). *Moore*, *id*. at 1213-14. Again, the mere absence of a PRTF form cannot produce a reversal, but the regulations set forth an evaluation process which the ALJ cannot circumvent.

The Commissioner concedes the ALJ "did not explicitly discuss these factors in this decision," but argues the record nonetheless reflects his consideration of the factors.[16] The Commissioner cites Lambert's testimony that she did not believe her mental condition would prevent her from performing her past relevant work as a poultry dresser.[17] The Court finds the ALJ was required to analyze Lambert's mental condition pursuant to 20 C.F.R. § 416.920a, and simply referencing Dr. Eno's conclusions did not satisfy the plain regulatory command. Lambert's testimony concerning her ability to perform work may prove critical at a later date. The Court's decision to remand the case is, pursuant to *Moore* and the

---

[16] Def. Br. at 10.

[17] R. at 171-72; Def. Br. at 11.

Commissioner's own regulations, required due to the ALJ's failure to include a complete analysis required by applicable regulations. *Moore, id*. at 1214.

### V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the case should be remanded for compliance with applicable regulations. It is, therefore, **ORDERED** that the decision of the Commissioner is **REVERSED and REMANDED**.

Done this 22nd day of February, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE